**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Pat Douglas DAVIS, Respondent.**

No. 94–SC–255–KB.

Supreme Court of Kentucky.

Sept. 1, 1994.

**OPINION AND ORDER**

In a disciplinary proceeding, the Board of Governors of the Kentucky Bar Association concluded that the Respondent, Pat Douglas Davis, was guilty of three counts of unethical and unprofessional conduct. The Board has recommended that Davis be suspended from the practice of law for a period of two years to be run consecutively to a six-month suspension entered by this Court on February 18, 1993, and that she pay the costs of this matter in the amount of $571.05.

Having reviewed the Board's decision, the Court adopts the findings and recommendations of the Board of Governors.

The respondent, Pat Douglas Davis (hereinafter sometimes "Davis") was charged on February 1, 1993, in three counts, with violating Disciplinary Rules of the Code of Professional Conduct.

Davis agreed to represent Sheila Burkhead (now "Rowe") in the dissolution of her

marriage. Child custody, support, and visitation were contested, though a decree of dissolution was entered in December of 1990. Burkhead sought custody of her child. The child, age four (4), was with her father at the time the action was filed and essentially remained with him during all times pertinent to these proceedings. Davis had taken no action for a period of seven months when she moved for a hearing on visitation. Counsel for Mr. Burkhead thereafter moved the court to set temporary child support retroactive to February 1991.

Davis did not notify Ms. Burkhead of the motion for child support and did not appear at the hearing held on December 4, 1991.

At the hearing, the court entered an order setting child support retroactive to February, 1991, and requiring arrearages to be paid within 60 days. Davis did not notify Ms. Burkhead of the child support obligation or the arrearages awarded.

Unaware of the order of support, Ms. Burkhead made no payments. On June 11, 1992, counsel for Mr. Burkhead served notice on Davis of a motion to hold Ms. Burkhead in contempt of court for her failure to pay the court ordered support. Davis did not appear at the scheduled hearing and did not inform Ms. Burkhead of it.

On June 29, 1992, the Nelson Circuit Court entered an order holding Ms. Burkhead in contempt of court and directing that a bench warrant for her arrest issue forthwith. Ms. Burkhead was arrested on the bench warrant July 7, 1992, and lodged in the Woodford County Jail. She was able to obtain a release after four hours by raising over $3,700 to pay on the child support arrearage.

Davis was charged with and found guilty of: (1) violating SCR 3.130–1.1, which requires a lawyer to provide competent representation to a client; (2) violating SCR 3.130–1.4(a), which provides that a lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, and violating SCR 3.130–1.4(b), which requires an attorney to explain a matter to a client to the extent reasonably necessary to permit the client to make informed decisions regarding

the representation; and (3) violating SCR 3.130–1.2(a), which provides that a lawyer shall abide by a client's decision concerning the objectives of representation.

In accordance with the Board's recommendation, it is ordered that the license to practice law of Respondent, Pat Douglas Davis, be suspended for two years, which shall run consecutively with the six-month suspension previously entered by this Court on February 18, 1993. It is further ordered that:

1. Pursuant to SCR 3.390, Respondent, Pat Douglas Davis, is hereby ordered to provide notice to any clients she is currently representing of her inability to provide further legal services, to notify all courts in which she has matters pending of her suspension, and to provide the Director of the Kentucky Bar Association with a copy of all such letters.

2. Pursuant to SCR 3.450 Respondent, Pat Douglas Davis, shall pay to the Kentucky Bar Association all costs of this proceeding.

All concur, except STEPHENS, C.J., not sitting.

ENTERED: September 1, 1994.

/s/ Charles M. Leibson

CHARLES M. LEIBSON,
Deputy Chief Justice